UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DESTANEE SHAUNDREAL SMITH,**

   Plaintiff,

v.                                                     No. 4:21-cv-1298-P

**WALMART INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

   Before the Court is Plaintiff Destanee Shaundreal Smith's ("Destanee") Unopposed Motion for Leave to Join Party ("Motion"). ECF No. 6. Because the Parties *agree* that the Individual whom Destanee seeks to add is an "integral party" and that "his presence is necessary for the proper adjudication of the case," *id.*, the Court will **GRANT** the Motion. And because the addition of this party will destroy the Court's diversity jurisdiction, *see* ECF No. 6-1, the Court will **REMAND** the case.

   Typically, the Federal Rules of Civil Procedure control when a plaintiff seeks to either amend their pleadings or add a party. *See, e.g.*, FED. R. CIV. PRO. 15, 19. However, when a court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, a party's request to amend a complaint to add a nondiverse defendant that, if added, would destroy the court's jurisdictional basis, necessarily implicates considerations and analyses beyond a typical Rule 15 motion. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) ("[A]ddition of a nondiverse party will defeat jurisdiction."). Accordingly, "[a] motion for leave to amend to add a nondiverse party whose inclusion would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), not Rule 15(a)." *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009).

Title 28 U.S.C. § 1447(e) states that "the court may deny joinder, or permit joinder and remand the action to the State court" "[i]f after removal[,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). And whether a court should permit joinder of a nondiverse defendant presents two "competing interests": the policy to avoid parallel judicial proceedings and a defendant's interest in retaining the federal forum. *See Hensgens*, 833 F.2d at 1182. To balance these interests, courts consider four factors: (1) whether the primary purpose of the amendment is to defeat diversity jurisdiction, (2) whether the plaintiff was diligent in requesting the amendment, (3) whether the plaintiff will be prejudiced if the amendment is denied, and (4) "any other factors bearing on the equities." *Id.*

Here, the Parties *agree* that the nondiverse defendant should be added because the nondiverse defendant is an "integral party" and that "his presence is necessary for the proper adjudication of the case." *See* ECF No. 6. Thus, because Defendant indicated its agreement with the Motion, all the factors articulated above weigh in favor of adding the nondiverse defendant. And because the factors weigh in favor of adding the nondiverse defendant, only one of the two "competing interests" remain: avoiding parallel judicial proceedings, which necessarily instructs this Court to remand the case. Even if Defendant opposed the Motion, however, the Court would still conclude that the four factors articulated above would weigh in favor of adding the nondiverse party and that the case should be remanded.

## ORDER

The Court therefore concludes that the Unopposed Motion for Leave to Join Party (ECF No. 6) should be, and is hereby, **GRANTED.**

Accordingly, it is **ORDERED** that this case is **REMANDED** to the **236th Judicial District Court of Tarrant County, Texas.**

The Clerk of this Court is therefore **INSTRUCTED** to mail a certified copy of this Memorandum Opinion and Order to the District Court Clerk of Tarrant County, Texas.

**SO ORDERED** on this **1st day** of **December, 2021.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE